UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



19-CV-02729 (ARR)

WAYNE CHIN

                              Appellant-Petitioner,

        -against-

JOSEPH NOETH

                              Respondent-Appellee.

PETITIONER'S REPLY TO RESPONDENT'S
OPPOSITION TO RULE 60(b) MOTION

MEMORANDUM OF LAW

Wayne Chin
Din: 09-A-6287
Petitioner-Appellant: Pro se
Sing Sing C. F.
354 Hunter Street
Ossining, New York 10562-5442

To:  Eric Gonzalez, Esq.
     Kings County District Attorney
     Criminal Appeals Unit
     Renaissance Plaza
     350 Jay Street
     Brooklyn, New York 11201

On March 28, 2022, Appellant-Petitioner received the respondent's opposition to his Rule 60(b) motion and respectfully submits this reply thereto.

Pursuant to the respondent's March 24, 2022, affidavit and memorandum of law, Petitioner moves that the Rule 60(b) motion before this Court and the petition for a writ of habeas corpus be granted in its entirety and in all respect.

As can be seen, the respondent's opposition is essentially nothing more than the redundant, repetative parroting of the lower state courts' records, refutes no point of law, and failed to address the specific issue that this Court's abused its discretion when it ignored the constitutional mandate of **McCoy v. Louisiana**, 138 S.Ct. 1500 (2018), and used the framework of ineffective assistance to adjudicated the violation of Petitioner's Sixth Amendment-secured autonomy.

The respondent's attempt to obfuscate the issue by citing the entire previously litigations in the state courts and in this Court to achieve the obligation of a response, is not persuasive. However, since the respondent sought to distort the factual predicates between the motion court (D'Emic, J.), and the trial court (Konviser, J.), the petitioner feels it is necessary to keep the focus on the record in its proper proportion.

Rarely does a defense attorney makes a statement that he is not aware of any alibi ("H" 17),[1] then, undermined such statement with; "There are other possible persons responsible for this

_____

1. Numbers preceded by "CC" refers to the pages of Calendar Call on September 9, 2009, (D.Emic, J.); numbers preceded by "H" refers to the pages of pretrial hearing.

-1-

crime, other than Mr. Chin, ..." ("H" 500).

During the **Rosario-Molineeaux**, hearing on September 14, 2009, the trial court (Konviser, J.), inquired of defense counsel; "If and when you decide whether or not you are going to have a case, please let me know. Obviously, you can change your mind after speaking with your client and you can change your position." ("H" 9). In an off-the-record discussion with the court, defense counsel's informed the court that the petitioner instructed him to advanced an affirmative alibi defense. Respondent's averment is undeniably clear; "During the proceeding, defense counsel informed the court that defendant was considering a possible alibi defense." (See, appendix ♣, Respondent's CPL § 330.30 memorandum of law, dated November 5, 2009, @ page 5). Therefore, its no misconception that the trial court allowed defense counsel to usurped control of an issue that was within the petitioner's exclusive and sole prerogative. McCoy, 138 S.Ct. @ 1511,

Notably, instead of addressing their November 5, 2009, averment and the trial court's abrogation of a constitutional right. Respondent's harped on this Court the proceeding of September 9, 2009, before the motion court (D'Emic, J.), contending; "When asked directly by the court if he had an alibi, defendant tacitly acknowledged that he did not, ..." (Respondent's Memorandum of law dated March 24, 2022, @ page 4). Notwithstanding, that the petitioner's stated; "Thats what I am referencing." ("CC" 5). It was convenient for Respondent and this Court to overlooked the petitioner's unambiguous response of referring to an alibi.

-2-

Respondent's brief did not disputed that defense counsel knew of the petitioner's objectives and overrode his final and informed decision to pursue a defense of actual innocence, or that counsel imposed an unwelcome defense upon the petitioner against his will. Respondent danced around the violation of the Sixth Amendment-secured autonomy, elaborating instead on a different issue, the timing to file a notice of alibi under N.Y.C.P.L. § 250.20, and that the petitioner consistently failed to reveal the existence of any actual alibi defense. (Respondent's Memo., dated 3/24/22, @ pages 2-4).

Whether or not, the petitioner could have sustained his burden of proving his alibi at trial, is of no moment to the issue presented. Furthermore, an alibi defense can be presented where no notice is required, if the petitioner is testifying to his own whereabouts, or is relying upon circumstantial evidence. See, **People v. Green**, 70 AD3d 39 (2d Dept. 2009)("A non-trandition alibi case can be presented circumstantially where no notice is required").

Respondent and this Court's contentions that the petitioner failed to present any facts that support the existence of an alibi, is not dispositive of the issue, and also misconstrued the records. (See, **EFC # 28**; Petitioner's Traverse dated Jan. 30, 2020, @ page 3).

The records before this Court established one thing for certain, the petitioner did not wanted a **"quality of police investigation defense"** imposed upon him against his will. The constitutional guarantees of the petitioner's fundamental right to make his own choices about the proper way to protect his life and liberty was abridged (**Weaver v. Massachusetta**, 137 S.Ct. @ 1908), and he is entitled to equitable habeas corpus relief.

-3-

**WHEREFORE,** since Respondent has not presented or argued any point of law to oppose the petitioner's legal arguments, this Court should grant summary judgment of habeas corpus relief, conditionally releasing the petitioner from custody, or alternatively, reopening the habeas proceeding, invites pro bono representation, and reinstate the petitioner's bail motion. Petitioner respectfully request such relief, and any further relief deems just and proper that impartial justice demands.

Dated:    March  30th , 2022
          Ossining, New York 10562-5442


                              Respectfully submitted,

                              Wayne Chin
                              Din: 09-A-6287
                              Petitioner; Pro se
                              Sing Sing Corr. Fac.
                              354 Hunter Street
                              Ossining, New York 10562-5442



TO SERVICE:

          Eric Gonzalez, Esq.
          District Attorney
          Kings County
          Criminal Appeals Unit
          350 Jay Street
          Brooklyn, New York 11201


-4-

APPENDIX 1

defendant's car, are speculative and, and would not necessarily be favorable to the defense. In any event, the People are under no obligation to gather evidence for defendant. See People v. Alvarez, 70 N.Y. 2d 375, 380-81 (1987) (prosecution not required to affirmatively gather evidence for defendant). Therefore, the loss or destruction of the vehicles and their contents does not constitute a Brady violation.

Defendant's further contention that the court's failure to sanction the People for destruction of evidence is without merit. It is within the sound discretion of the trial court to determine what sanctions, if any, should be imposed. Absent a showing of prejudice the court is not required to impose a sanction, and certainly need not impose the most serious sanctions: preclusion of a witness's testimony or other evidence or grant a mistrial. See People v. Haupt, 71 N.Y.2d at 930-31; People v. Panzarino, 282 A.D.2d 292. Since the cars were auctioned within normal procedures and defendant was responsible for the long delay affecting the loss or destruction of evidence, denying any sanctions was proper.

**B.     Defendant claims that counsel failed to (1) file a notice of alibi; and (2) properly investigate potentially exculpatory witnesses are procedurally barred and without merit.**

During the proceedings, defense counsel informed the Court that defendant was considering a possible alibi defense. However, defense counsel did not provide any specific information as required by statute and requested by the Court. C.P.L. 250.20. In any event, any further conversations that the defendant may or may not have had with his attorney regarding potential alibi, forensic evidence or phone records to support that claim, are not on the record. Therefore this claim is not preserved and procedurally barred. Moreover, the claim of "forensic biology extractions" upon which defendant now relies in order to exonerate himself is simply unsupported conjecture. Should defendant wish to pursue this claim, he may make the appropriate motion pursuant to C.P.L. 440.10.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

WAYNE CHIN,

                  Petitioner,

      -against-

JOSEPH NOETH,

                Respondent.
-------------------------------x

CIVIL No. 19-CV-02729 (ARR)

AFFIDAVIT OF SERVICE

RECEIVED
APR 04 2022
PRO SE OFFICE

STATE OF NEW YORK   )
                   ) .SS:
COUNTY OF WESTCHESTER )

        I, WAYNE CHIN, being duly sworn, deposes and says:

        1. I am the above-named Petitioner and have cause to serve a true copy of my Reply Memorandum of Law upon the below listed parties;

Eric Gonzalez, Esq.
District Attorney
Kings County
Criminal Appeals Unit
350 Jay Street
Brooklyn, New York 11201

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By placing the same in a pre-paid envelop and delivering it to the custody and care of the authority here at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5442, on the 30th., day of March 2022, as due and sufficient service.

                              Wayne Chin
                              Din: 09-A-6287

**SING SING CORRECTIONAL FACILITY**
354 HUNTER STREET
OSSINING, NEW YORK  10562

NAME:  Wayne Chin          DIN:  09-A-6287

WESTCHESTER NY, 105

31 MAR 2022PM 3 L

quadient
03/31/2022
US POSTAGE  $000.73⁰

FIRST-CLASS MAIL

ZIP 10562
041M11470503

USPS

Pro Se Intake Clerk
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201



LEGAL MAIL

11201-181809

STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME:_____ DIN:_____

Printed On Recycled Paper