*Rec. in p drive 4/7/22 rg

Wayne Chin
Din: 09-A-6287
Sing Sing C/F
354 Hunter Street
Ossining, New York 10562-5442



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 06 2022 ★

**BROOKLYN OFFICE**

RECEIVED
APR 06 2022
PRO SE OFFICE

April 3, 2022

Allyne R. Ross
United States District Judge
United States Courthouse
Eastern District of New York

<u>Chin v. Noeth</u>
19-CV-02729 (ARR)

Addendum to Petitioner's Reply to
<u>Respondent's Opposition to Rule 60(b) Motion</u>

Your Honor,

**PLEASE TAKE NOTICE;** that Petitioner, Wayne Chin, submits this addendum is support of his previously submitted Reply to further highlight two deficiency in Respondent's arguments in opposition to Petitioner's Rule 60(b) motion.

1.  Respondent's failure to include the N.Y.C.P.L. § 330.30 state court's proceeding in their affidavit dated March 24, 2022, was no slight omission, but an intentional act to distanced themselves from their admission that defense counsel, Phillip Smallman, Esq., informed the trial court that he was instructed to advanced an affirmative alibi defense at trial. (<u>See</u>, Marie John-Drigo, Esq., (ADA)'s affidavit @ page 4).

2. Respondent and this Court's contentions that; "defendant failed to present any facts that support an alibi defense and theliefore, trial counsel's failure to present such defense did not interfere with petitioner's right to decide the objectives of his own defense," (Resp.'s Memo., dated 3/24/22, @ page 4) is misplaced.

3. First, it must be noted that it was the respondent who opposed a hearing in the CPL § 440.10 state court proceeding, and this Court whom declined to hold such a hearing where the facts of petitioner's alibi could be probe and facts established on the record.

-1-

4. Last, but not least, no court, federal or state, has every held that in a violation of an accused's Sixth Amendment-secured autonomy case, the accused is required to establish the validity of a particular defense, before the violation is complete. **McCoy v. Louisiana**, 138 S.Ct. 1511, is controlling, and as the petitioner rightfully pointed out in his Rule 60(b) motion, and the respondent could not argue otherwise: **"Most of these case draw primarily from Faretta's emphasis on the personal character of the Sixth Amendment right to make a defense, which never focused on the nature of the defense the defendant sought to assert, ..."** See, Petitioner's Rule 60(b) motion @ page 8.

Wherefore, Petitioner's Rule 60(b) motion should be granted in all respect since the respondent's failed to present or argued any point of law in opposition to the petitioner's legal arguments. Petitioner's prays summary judgment of habeas corpus relief, conditionally releasing the petitioner from state's custody, or alternatively, reopening the habeas proceeding, invites pro bono representation, and reinstate the petitioner's bail motion, and any further relief that impartial justice deems just and proper.

Respectfully submitted,

Wayne Chin
Din: 09-A-6287
Petitioner: Pro Se
Sing Sing Corr. Fac.
354 Hunter Street
Ossining, New York 10562-5442

TO SERVICE:

Eric Gonzalez, Esq.
District Attorney
Kings County
Criminal Appeals Unit
350 Jay Street
Brooklyn, New York 11201

**SING SING CORRECTIONAL FACILITY**
354 HUNTER STREET
OSSINING, NEW YORK  10562

NAME: _Wayne Chin_   DIN: _09-A-6287_

WESTCHESTER NY 105 adient
4 APR 2022 PM 4 L
04/04/2022
US POSTAGE $000.53⁰

FIRST-CLASS MAIL

ZIP 10562
041M11470503

U S M S

Pro Se Intake Clerk
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

LEGAL MAIL

11201-181809

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME:_____ DIN:_____


Printed On Recycled Paper