

RECEIVED JUN 27 2022 PRO SE OFFICE

Wayne Chin
Din: 09-A-0287
Sing Sing Corr. Fac.
354 Hunter Street
Ossining, New York 10562-5442

June 23 2022

Hon Allyne R. Ross
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

Re: <u>Chin v. Noeth</u>
19-CV-02729 (ARR)

Dear Judge Ross,

Please Take Judicial Notice; this letter serves as a formal motion seeking permission to submit a motion of reconsideration to this Court's decision and order dated May 11, 2022, for the following reasons:

1. On March 6, 2022, I submitted a meritorious motion pursuant to Rule 60(b)(1), (4) and (6) of the Federal Rules of Civil Procedure. Liberally construed or otherwise, my motion made clear that this Court's committed an error of law and demonstrated how such error did not comported with prevailing constitutional mandate of United States Supreme Court and the laws of New York State.

2. On May 11, 2022, this Court entered decision and order which was never serve upon me at Sing Sing Correctional Facility to enable to me to protect my rights. Notwithstanding, the Court in its decision erroneously claimed it lack jurisdiction to entertain my motion, asserting the 60(b)(1) motion was a successive habeas petition. In light of the United States Supreme Court's decision enunciated in <u>Kemp v. United States</u>, 2022 wL 2111354 (decision enclosed), reconsideration of this Court's order is hereby sought.

3. In furtherance thereof, Petitioner states; on June 9, 2022, I submitted a letter to the Pro Se Clerk of this Court, requesting an updated docket file.

4. Without any knowledge of the Court had effectedly closed my case on May 11, 2022. On June 13, 2022, I submitted a motion for release on bail pending the resolution of my Rule 60(b) motion.

5. On June 14, 2022, I submitted a letter to this Court recounting a phone call with an attending clerk, and requested

that this Court promptly serve me with its order of May 11, 2022.

6. On May 21, 2022, I received the Court's docket sheets from the Pro Se Clerk, which shows the substance of this Court's decision. (See, attached copy of envelop from this Court and docket sheet). Subsequently, I immediately submitted a notice of appeal.

7. Now, I asked that this Court hold my appeal in abeyance until it render a decision whether to grant permission of reconsideration to its May 11, 2022, decision and order.

Respectfully submitted,

/s/ _____
Wayne Chin


cc:     Marie John-Drigo, Esq.
        Assistant District Attorney
        Kings County
        3511 Jay Street
        Brooklyn, New York 11201

2022 WL 2111354
Supreme Court of the United States.

Dexter Earl **KEMP**, Petitioner
v.
**UNITED STATES**

No. 21-5726
|
Argued April 19, 2022
|
Decided June 13, 2022

**Synopsis**

**Background:** After affirmance, 544 Fed. Appx. 870, of convictions of federal prisoner and his codefendants for drug and gun crimes, and dismissal of prisoner's motion to vacate sentence as being untimely, prisoner filed motion for relief from the judgment dismissing the motion to vacate sentence. The United States District Court for the Southern District of Florida, Nos. 1:15-cv-21702-JAL, 1:10-cr-20410-JAL-5, Joan A. Lenard, Senior District Judge, dismissed the motion as untimely. Prisoner appealed. The United States Court of Appeals for the Eleventh Circuit, 857 Fed.Appx. 573, affirmed. Certiorari was granted.

**Holdings:** The Supreme Court, Justice Thomas, held that:

[1] a judge's error of law is a "mistake," within meaning of federal civil procedure allowing relief from final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect, even if the error is not an obvious legal mistake, abrogating *Spinar v. South Dakota Bd. of Regents*, 796 F. 2d 1060, *Elias v. Ford Motor Co.*, 734 F. 2d 463, and *In re Ta Chi Navigation (Panama) Corp. S. A.*, 728 F. 2d 699, and

[2] prisoner's motion for relief from judgment, asserting that the district court committed legal error by misapplying controlling law to record facts, was cognizable as a motion for relief from judgment on grounds of mistake, and thus, the motion was subject to a one-year limitations period.

Affirmed.

Justice Sotomayor filed a concurring opinion.

Justice Gorsuch filed a dissenting opinion.
Appellate ReviewPost-Conviction Review

West Headnotes (7)

[1]  **Criminal Law**
 — Time for proceedings

For a movant who does not petition the Supreme Court for a writ of certiorari, a judgment becomes final, for purpose of the one-year time limit for filing a motion to vacate sentence, when the time to seek certiorari expires—ordinarily, 90 days after judgment. 28 U.S.C.A. § 2255(f)(1).

[2]  **Federal Civil Procedure**
 — Catch-all provisions

The catch-all provision of the federal civil procedure rule governing relief from final judgment, allowing relief for "any other reason that justifies relief," is available only when the rule's other grounds for relief are inapplicable, and even then, extraordinary circumstances must justify reopening. Fed. R. Civ. P. 60(b).

[3]  **Federal Civil Procedure**
 — Error by court, clerk, or jury

A judge's error of law is a "mistake," within meaning of federal civil procedure allowing relief from final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect, even if the error is not an obvious legal mistake; abrogating *Spinar v. South Dakota Bd. of Regents*, 796 F. 2d 1060, *Elias v. Ford Motor Co.*, 734 F. 2d 463, and *In re Ta Chi Navigation (Panama) Corp. S. A.*, 728 F. 2d 699. Fed. R. Civ. P. 60(b)(1).

[4]  **Federal Civil Procedure**
 — Mistake by parties; excusable neglect; surprise

Legal error may be "excusable neglect," within meaning of federal civil procedure allowing relief from final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).

[5] **Federal Civil Procedure**
  ⟶ Void judgments; jurisdictional defects

**Federal Civil Procedure**
  ⟶ Judgments satisfied, released, or discharged; prospective application no longer equitable

Under the federal rules of civil procedure, factual errors may justify relief from final judgment on grounds of the judgment being void or lacking legal effect. Fed. R. Civ. P. 60(b)(4, 5).

[6] **Statutes**
  ⟶ Other Statutes

Although statutory language obviously transplanted from another legal source will often bring the old soil with it, that principle applies only when a term's meaning was well-settled before the transplantation.

[7] **Criminal Law**
  ⟶ Decision or order

Federal prisoner's motion for relief from the judgment dismissing his motion to vacate sentence, asserting as grounds for relief that the district court committed legal error by misapplying controlling law to record facts, was cognizable under the federal rules of civil procedure as a motion for relief from judgment on grounds of mistake, and thus, the motion was subject to a one-year limitations period. 28 U.S.C.A. § 2255(f)(1); Fed. R. Civ. P. 60(b)(1).

1 Cases that cite this headnote

*Syllabus*[*]

**\*1** Petitioner Dexter Kemp and seven codefendants were convicted of various drug and gun crimes. The Eleventh Circuit consolidated their appeals and, in November 2013, affirmed their convictions and sentences. In April 2015, Kemp moved the District Court to vacate his sentence under 28 U.S.C. § 2255. The District Court dismissed Kemp's motion as untimely because it was not filed within one year of "the date on which [his] judgment of conviction [became] final." § 2255(f)(1). Kemp did not appeal. Then, in June 2018, Kemp sought to reopen his § 2255 proceedings under Federal Rule of Civil Procedure 60(b), which authorizes a court to reopen a final judgment under certain enumerated circumstances. As relevant here, a party may seek relief within one year under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect." A party may also seek relief "within a reasonable time" under Rule 60(b)(6) for "any other reason that justifies relief," but relief under Rule 60(b)(6) is available only when the other grounds for relief specified in Rules 60(b)(1)–(5) are inapplicable. Kemp's motion to reopen his § 2255 proceedings invoked Rule 60(b)(6), but his motion sought reopening based on a "mistake" covered by Rule 60(b)(1). Specifically, Kemp argued that the 1-year limitations period on his § 2255 motion did not begin to run until his codefendants' rehearing petitions were denied in May 2014, making his April 2015 motion timely. The Eleventh Circuit agreed with Kemp that his § 2255 motion was timely but concluded that because Kemp alleged judicial mistake, his Rule 60(b) motion fell under Rule 60(b)(1), was subject to Rule 60(c)'s 1-year limitations period, and was therefore untimely.

*Held*: The term "mistake" in Rule 60(b)(1) includes a judge's errors of law. Because Kemp's motion alleged such a legal error, it was cognizable under Rule 60(b)(1) and untimely under Rule 60(c)'s 1-year limitations period. Pp. ––– – –––.

(a) As a matter of text, structure, and history, a "mistake" under Rule 60(b)(1) includes a judge's errors of law. When the Rule was adopted in 1938 and revised in 1946, the word "mistake" applied to any "misconception," "misunderstanding," or "fault in opinion or judgment." Webster's New International Dictionary 1383. Likewise, in its legal usage, "mistake" included errors "of law or fact." Black's Law Dictionary 1195. Thus, regardless whether "mistake" in Rule 60(b)(1) carries its ordinary meaning or legal meaning, it includes a judge's mistakes of law. Rule 60(b)(1)'s drafters could have used language to connote a narrower understanding of "mistake," yet they chose not to qualify that term. Similarly, the Rule's drafters could have excluded mistakes by judges from the Rule's reach. In fact, the Rule used to read that way. When adopted in 1938, Rule 60(b) initially referred to "his"—*i.e.*, a party's—"mistake," so judicial errors were not covered. The 1946 revision to the Rule deleted the word "his," thereby removing any limitation on whose mistakes could qualify. Pp. ––– – –––.

**\*2** (b) Neither the Government nor Kemp offers a reason to depart from this reading of Rule 60(b)(1). Pp. ––– – –––.

(1) The Government contends that the term "mistake" encompasses only so-called "obvious" legal errors. This contention—also held by several Courts of Appeals—is unconvincing. None of the dictionaries from the time the Rule was adopted and revised suggests this "obviousness" gloss. Nor does the text or history of Rule 60(b)(1) limit its reach only to flagrant cases that would have historically been corrected by courts sitting in equity. Finally, requiring courts to decide not only whether there was a mistake but also whether that mistake was sufficiently "obvious" raises questions of administrability. P. ——.

(2) **Kemp's** arguments for limiting Rule 60(b)(1) to non-judicial, non-legal errors are also unconvincing. He claims that Rule 60(b)(1)'s other grounds for relief—"inadvertence," "surprise," and "excusable neglect"—involve exclusively non-legal, non-judicial errors, and thus "mistake" should be similarly limited. But courts have found that excusable neglect may involve legal error, see, *e.g.*, *Lenaghan v. Pepsico, Inc.*, 961 F.2d 1250, 1254–1255, and they have a similar history of granting relief based on "judicial inadvertence," *Larson v. Heritage Square Assocs.*, 952 F.2d 1533, 1536. **Kemp** argues that Rule 60's structure favors interpreting the term "mistake" narrowly to include only non-legal errors, and the Court's contrary interpretation would create confusing overlap between Rule 60(b)(1) and relief available under other parts of Rule 60 not subject to Rule 60(c)'s 1-year limitations period. But the overlap **Kemp** suggests would exist even if "mistake" reached only factual errors. Courts of Appeals have well-established tests for distinguishing between these Rules. And should such overlap ever create an irreconcilable conflict, courts may then resort to ordinary interpretive rules to determine which Rule to apply. As for **Kemp's** worry that the Court's interpretation would allow parties to evade other time limits by, for example, repackaging a tardy motion under Rule 59(e), the risk **Kemp** identifies would exist even under his own interpretation. And, in any event, the alleged specter of litigation gamesmanship and strategic delay is overstated because a Rule 60(b)(1) motion, like all Rule 60(b) motions, must be made "within a reasonable time." Finally, **Kemp** protests that this Court's reading is inconsistent with the history of Rule 60(b). But his argument is based on the mistaken notions that Rule 60(b)(1)'s list of grounds for reopening was understood to be a "term of art" when adopted, and that Rule 60(b)(6) alone was intended to afford relief for judicial legal errors that had previously been remedied by bills of review. Pp. —— – ——.

857 Fed.Appx. 573, affirmed.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C.J., and BREYER, ALITO, SOTOMAYOR, KAGAN, KAVANAUGH, and BARRETT, JJ., joined. SOTOMAYOR, J., filed a concurring opinion. GORSUCH, J., filed a dissenting opinion.

**Attorneys and Law Firms**

Andrew L. Adler, Ft. Lauderdale, FL, for Petitioner.

Benjamin W. Snyder, Washington, DC, for Respondent.

Lisa S. Blatt, Sarah M. Harris, Aaron Z. Roper, Mary E. Goetz, Mihir Khetarpal, Williams & Connolly LLP, Washington, DC, Michael Caruso, Federal Public Defender, Andrew L. Adler, Counsel of Record, Asst. Federal Public Defender, Ft. Lauderdale, FL, for Petitioner.

Elizabeth B. Prelogar, Solicitor General, Counsel of Record, Kenneth A. Polite, Jr., Assistant Attorney General, Eric J. Feigin, Deputy Solicitor General, Benjamin W. Snyder, Assistant to the Solicitor General, Daniel J. Kane, Attorney, Department of Justice, Washington, DC, for Respondent.

**Opinion**

Justice THOMAS delivered the opinion of the Court.

*3 Federal Rule of Civil Procedure 60(b)(1) allows a party to seek relief from a final judgment based on, among other things, a "mistake." The question presented is whether the term "mistake" includes a judge's error of law. We conclude, based on the text, structure, and history of Rule 60(b), that a judge's errors of law are indeed "mistake[s]" under Rule 60(b)(1).

I

In 2011, a federal jury convicted Dexter **Kemp** of various drug and gun crimes, and he was sentenced to 420 months in prison. **Kemp**, along with seven codefendants, appealed. The Eleventh Circuit consolidated their appeals and, in November 2013, affirmed their convictions and sentences. *United States v. Gray*, 544 Fed.Appx. 870. **Kemp** did not seek rehearing of the Eleventh Circuit's judgment or petition this Court for certiorari. Two of **Kemp's** codefendants did seek rehearing, which the Eleventh Circuit denied in May 2014.

[1] In April 2015, **Kemp** moved the U.S. District Court for the Southern District of Florida to vacate his sentence under 28 U.S.C. § 2255. The Government objected that **Kemp's** §

2255 motion was untimely. As relevant here, such motions must be filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). For someone who, like Kemp, does not petition this Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment. See *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); this Court's Rule 13.1. In this case, the District Court concluded that Kemp's judgment became final in February 2014 (90 days after the Eleventh Circuit's judgment affirming his conviction and sentence), making his April 2015 motion over two months late. The District Court dismissed Kemp's motion in September 2016, and Kemp did not appeal.

In June 2018—almost two years later—Kemp attempted to reopen his § 2255 proceedings under Federal Rule of Civil Procedure 60(b), which authorizes a court to reopen a final judgment under certain enumerated circumstances. Rule 60(b)(1) permits a district court to reopen a judgment for "mistake, inadvertence, surprise, or excusable neglect," so long as the motion is filed "within a reasonable time," and, at most, one year after the entry of the order under review. See Fed. Rules Civ. Proc. 60(b)(1), (c)(1). Meanwhile, Rule 60(b)(6) permits reopening for "any other reason that justifies relief," so long as the motion is filed "within a reasonable time." Rule 60(c)(1).

Kemp invoked Rule 60(b)(6), but his motion arguably sought reopening based on a kind of "mistake" covered by Rule 60(b)(1). Specifically, Kemp argued that reopening was warranted because this Court's Rule 13.3 prescribes that the 90-day clock to seek certiorari does not begin to run until *all* parties' petitions for rehearing are denied, and the Eleventh Circuit denied his codefendants' rehearing petitions in May 2014. Thus, according to Kemp, the 1-year period to file his § 2255 motion began in August 2014, making his April 2015 motion timely.

The District Court rejected this timeliness argument and, in the alternative, held that Kemp's Rule 60(b) motion was itself untimely. The Eleventh Circuit affirmed. 857 Fed.Appx. 573 (2021) (*per curiam*). While it agreed with Kemp that his original § 2255 motion "appear[ed] to have been timely," the Eleventh Circuit nonetheless concluded that he had filed his Rule 60(b) motion too late. *Id.*, at 575–576. The Eleventh Circuit held that Kemp's reopening motion alleged "precisely the sort of judicial mistak[e] in applying the relevant law that Rule 60(b)(1) encompasses," and thus was subject to Rule 60(b)(1)'s 1-year limitations period. *Id.*, at 576.

*4 Kemp petitioned this Court for review, and we granted certiorari to resolve the Courts of Appeals' longstanding disagreement whether "mistake" in Rule 60(b)(1) includes a judge's errors of law.[1] 595 U.S. ----, 142 S.Ct. 752, 211 L.Ed.2d 471 (2022).

II

[2] Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Even then, " 'extraordinary circumstances' " must justify reopening. *Ibid.*

Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed "within a reasonable time." Rule 60(c)(1). But for some, including motions under Rule 60(b)(1), that "reasonable time" may not exceed one year. Rule 60(c)(1). Motions under Rule 60(b)(6) are not subject to this additional 1-year constraint. Rule 60(c)(1).

Here, the parties dispute the extent to which a judge's legal errors qualify as "mistake[s]" under Rule 60(b)(1). The Government contends that Rule 60(b)(1) applies any time a party alleges that a judge has made an "obvious" legal error—*e.g.*, the "failure to apply unambiguous law to record facts." Brief for United States 11. Kemp's motion, the Government says, alleged an obvious legal error, so the Eleventh Circuit was correct to apply Rule 60(b)(1). According to Kemp, however, Rule 60(b)(1) applies only to factual errors made by someone other than the judge. Brief for Petitioner 3. So, in Kemp's view, his motion challenging the District Court's timeliness ruling was cognizable under Rule 60(b)(6), and the 1-year limit did not apply.

[3] We ultimately disagree with Kemp and agree with the Government to a point. As a matter of text, structure, and history, the Government is correct that a "mistake" under Rule 60(b)(1) includes a judge's errors of law. But we see no reason to limit Rule 60(b)(1) to "obvious" legal mistakes, as

the Government proposes. We first explain why Rule 60(b)(1) covers all mistakes of law made by a judge, and then address why the Government's and **Kemp's** contrary interpretations of "mistake" do not persuade us.

### A

The ordinary meaning of the term "mistake" in Rule 60(b)(1) includes a judge's legal errors. When the Rule was adopted in 1938 and revised in 1946, the word "mistake" applied to any "misconception," "misunderstanding," or "fault in opinion or judgment." Webster's New International Dictionary 1383 (1914) (Webster's); see also Funk & Wagnalls New Standard Dictionary of the English Language 1588 (1944) (Funk & Wagnalls) (defining "mistake" as an "error in action, judgment, or perceptions," including, *e.g.,* "a *mistake* in calculation"). In ordinary usage, then, a "mistake" was not limited only to factual "misconception[s]" or "misunderstanding[s]," or to mistakes by non-judicial actors. Webster's 1383. Likewise, in its legal usage, "mistake" included errors "of law or fact." Black's Law Dictionary 1195 (3d ed. 1933) (Black's). Thus, regardless whether "mistake" in Rule 60(b)(1) carries its ordinary meaning or legal meaning, it includes a judge's mistakes of law.

*5 Had the drafters of Rule 60(b)(1) intended a narrower meaning, they "easily could have drafted language to that effect." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 169, 134 S.Ct. 736, 187 L.Ed.2d 654 (2014). The difference between "mistake of fact" and "mistake of law" was well known at the time. Both lay and legal dictionaries identified them as distinct categories. See Funk & Wagnalls 1588; Black's 1195. Thus, Rule 60(b)(1)'s drafters had at their disposal readily available language that could have connoted a narrower understanding of "mistake." Yet they chose to include "mistake" unqualified.

Similarly, Rule 60(b)(1)'s drafters could just as easily have excluded mistakes by judges from the Rule's ambit. In fact, the Rule used to read that way. When adopted in 1938, Rule 60(b) initially referred to "his"—*i.e.,* a party's—"mistake," so judicial errors were not covered. Fed. Rule Civ. Proc. 60(b) (1938). In 1946, however, the Rule's amenders deleted the word "his," thereby removing any limitation on whose mistakes could qualify. See Fed. Rule Civ. Proc. 60(b)(1) (1946). Thus, as currently written, "mistake" in Rule 60(b)(1) includes legal errors made by judges.[2]

### B

Both the Government's and **Kemp's** interpretations of Rule 60(b) depart from aspects of our reading. Their reasons for doing so are unavailing.

#### 1

The Government contends that the term "mistake" encompasses only so-called "obvious" legal errors. Brief for **United States** 11. Several Courts of Appeals agree that Rule 60(b)(1) may be used to correct only " 'obvious errors' of law, such as overlooking controlling statutes or case law." *In re Ta Chi Navigation (Panama) Corp. S. A.*, 728 F.2d 699, 703 (C.A.5 1984). The Government argues that this limitation "has historical roots" because courts of equity traditionally "could grant relief from legal errors, but only 'in the most unquestionable and flagrant cases.' " Brief for **United States** 18 (quoting *Snell v. Insurance Co.*, 98 U.S. 85, 91, 25 L.Ed. 52 (1878)).

We are unconvinced. None of the English language or legal dictionaries noted above, *supra*, at —— – ——, suggests this "obviousness" gloss. Nor does the Government tie the equity practice it invokes to the text or history of Rule 60(b). Finally, we question the administrability of a rule that requires courts to decide not only whether there was a "mistake" but also whether that mistake was sufficiently "obvious." The text does not support—let alone require—that judges engage in this sort of complex line-drawing.

#### 2

We are similarly unconvinced by **Kemp's** arguments for limiting Rule 60(b)(1) to non-judicial, non-legal errors.

[4] While **Kemp** does not dispute that "mistake" ordinarily would cover both legal and factual errors, he argues that the other grounds for relief in Rule 60(b)(1)—"inadvertence," "surprise," and "excusable neglect"—involve exclusively non-legal, non-judicial errors, and the word "mistake" should therefore be similarly limited. But courts have long found that excusable neglect may involve legal error. See, *e.g., Lenaghan v. Pepsico, Inc.*, 961 F.2d 1250, 1254–1255 (C.A.6 1992) (*per curiam*) ("understandable, albeit mistaken, reading of " a local rule); *A. F. Dormeyer Co. v. M. J. Sales & Distributing Co.*, 461 F.2d 40, 42–43 (C.A.7 1972) (misunderstanding of summons and relevant legal rules);

*Provident Security Life Ins. Co. v. Gorsuch*, 323 F.2d 839, 843 (C.A.9 1963) (erroneous understanding of Federal Rule of Civil Procedure 12). And they have a similar history of granting relief based on "*judicial* inadvertence." *Larson v. Heritage Square Assocs.*, 952 F.2d 1533, 1536 (C.A.8 1992) (emphasis added); see also, *e.g., O'Tell v. New York, N.H. & H.R. Co.*, 236 F.2d 472, 475 (C.A.2 1956) (judge's failure to deduct setoff in entering judgment was "inadvertence" under Rule 60(b)). Because the words surrounding "mistake" in Rule 60(b)(1) do not connote exclusively non-legal or non-judicial errors, they do not favor **Kemp's** narrower reading.

**\*6 Kemp** also argues that Rule 60's structure favors interpreting the term "mistake" narrowly. Our interpretation, he contends, would create confusing overlap between Rule 60(b)(1) and Rule 60(a), which authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." We disagree. Because Rule 60(a) covers a subset of "mistake[s]"—*e.g.,* "clerical" ones—whereas Rule 60(b)(1) covers "mistake[s]" *simpliciter*, the overlap **Kemp** alleges would exist even if "mistake" reached only factual errors. And the Courts of Appeals have well-established rules for determining when Rule 60(a), rather than Rule 60(b), should apply. See, *e.g., United States v. Griffin*, 782 F.2d 1393, 1397 (C.A.7 1986).

[5] **Kemp** alleges that our interpretation of Rule 60(b)(1) would create a similar problem with respect to Rules 60(b)(4) and (b)(5), which authorize relief from voided judgments and judgments that lack legal effect. Specifically, **Kemp** contends that a legal "mistake" could warrant relief under both Rule 60(b)(1) and Rule 60(b)(4) or Rule (b)(5), and a conflict could then arise given that the latter Rules are not subject to a 1-year time limit. But, again, that could occur even if only factual errors count as "mistake[s]," since factual errors, too, may justify relief under Rules 60(b)(4) and (b)(5). And, regardless, should this overlap ever create an irreconcilable conflict, courts may then resort to ordinary rules of statutory construction when selecting which provision would govern in a particular case. See, *e.g., RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645, 132 S.Ct. 2065, 182 L.Ed.2d 967 (2012) (" 'the specific governs the general' ").

**Kemp** also worries that our interpretation would allow parties to evade other time limits set forth in the Federal Rules. For instance, Rule 59(e) motions to alter or amend a judgment must be filed within 28 days, and appeals must generally be filed within 30 days, see Fed. Rule App. Proc. 4(a)(1)(a). **Kemp** suggests that our interpretation would allow someone to repackage a tardy Rule 59(e) motion as a timely Rule 60(b)(1) motion, or to generate a right to an untimely appeal by filing a Rule 60(b)(1) motion and appealing once it is denied. We are unpersuaded because, yet again, the risk **Kemp** identifies would exist even under his own interpretation. For example, **Kemp** provides no explanation why, under his interpretation of Rule 60(b), parties could not repackage tardy Rule 59(e) motions based on legal errors as motions under Rule 60(b)(6), or recharacterize tardy motions based on factual errors as motions under Rule 60(b)(1). A denial in either case would then permit the litigant to appeal outside Appellate Rule 4's 30-day time limit.

In any event, the alleged specter of litigation gamesmanship and strategic delay is overstated. Rule 60(b)(1) motions, like all Rule 60(b) motions, must be made "within a reasonable time." Fed. Rule Civ. Proc. 60(c)(1). And while we have no cause to define the "reasonable time" standard here, we note that Courts of Appeals have used it to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner (*e.g.,* in a timely appeal). See, *e.g., Mendez v. Republic Bank*, 725 F.3d 651, 660 (C.A.7 2013).

[6] Nor, contrary to **Kemp's** protestations, is our interpretation inconsistent with the history of Rule 60(b). **Kemp** points out that Rule 60(b)(1) drew its text from existing state procedural rules. See, *e.g.,* Cal. Civ. Proc. Code § 473 (Deering 1937). And he argues that its list of grounds for reopening—" 'mistake, inadvertence, surprise, and excusable neglect' "—was understood when Rule 60(b) was adopted to be a "term of art" that excluded legal errors. Brief for Petitioner 10. But while some States interpreted their rules this way, see, *e.g., Lucas v. North Carolina Mut. Life Ins. Co.*, 184 S.C. 119, 120, 191 S.E. 711, 712 (1937) (collecting cases), others, like California, did not, see, *e.g., Mitchell v. California & O. C. S. S. Co.*, 156 Cal. 576, 578, 105 P. 590, 592 1909. Moreover, at least one leading treatise from the era maintained, consistent with our view, that "mistake" encompassed legal errors. See 3 J. Moore & J. Friedman, Moore's Federal Practice § 60.05, p. 3280 (1938). Although statutory language "obviously transplanted from another legal source" will often "bring the old soil with it," *Taggart v. Lorenzen*, 587 U.S. ––––, ––––, 139 S.Ct. 1795, 1801, 204 L.Ed.2d 129 (2019) (internal quotation marks and alterations omitted), that principle applies only when a term's meaning was "well-settled" before the transplantation, *Neder v. United States*, 527 U.S. 1, 22, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Here, it was not.

*7. Finally, **Kemp** invokes Rule 60(b)'s 1946 amendments replacing "bills of review" and other traditional, postjudgment reopening mechanisms with Rules 60(b)(2) through (b)(6). See Fed. Rule Civ. Proc. 60(b) (1946). He argues that Rule 60(b)(6) alone was intended to afford relief for judicial legal errors that had previously been remedied by bills of review, because such errors were not cognizable under Rule 60(b)'s "mistake" provision or its predecessor state rules prior to the 1946 amendments. But, as noted, the pre-amendment Rule 60(b) covered only a party's mistakes, see *supra*, at — – —, and for *that* reason could not be grounds to correct a judge's legal mistake. By eliminating that party-specific qualifier, the 1946 amendments opened Rule 60(b)(1) to judicial mistakes of law previously remediable only by bills of review.

* * *

[7] In sum, nothing in the text, structure, or history of Rule 60(b) persuades us to narrowly interpret the otherwise broad term "mistake" to exclude judicial errors of law. Because **Kemp's** Rule 60(b) motion alleged such a legal error, we affirm the Eleventh Circuit's judgment that the motion was cognizable under Rule 60(b)(1), subject to a 1-year limitations period, and, therefore, untimely.

*It is so ordered.*

Justice SOTOMAYOR, concurring.

I join the Court's opinion holding that the term "mistake" in Federal Rule of Civil Procedure 60(b)(1) encompasses a judge's mistake of law. I write separately to make two points.

First, I join the Court's opinion with the understanding that nothing in it casts doubt on the availability of Rule 60(b)(6) to reopen a judgment in extraordinary circumstances, including a change in controlling law. See, *e.g., Buck v. Davis*, 580 U.S. 100, 126, 128, 137 S.Ct. 759, 197 L.Ed.2d 1 (2017) (concluding that the petitioner was "entitle[d] to relief under Rule 60(b)(6)" because of a change in law and intervening developments of fact); *Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("[A] motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim"); *Polites v. United States*, 364 U.S. 426, 433, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960) (leaving open that a "clear and authoritative change" in the law governing judgment in a case may present extraordinary circumstances). Today's decision does not purport to disturb these settled precedents.

Second, I do not understand the Court's opinion to break any new ground as to Rule 60(c)(1), which requires that all Rule 60(b) motions be "made within a reasonable time." See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2866 (3d ed. 2022) ("What constitutes reasonable time necessarily depends on the facts in each individual case").

Justice GORSUCH, dissenting.

The Court took this case to determine whether a district court's mistake of law is correctable under Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6).

From the start, granting review was a questionable use of judicial resources. The answer matters only under rare circumstances: A losing party fails to appeal or secure relief under Rule 59(e), opting instead to file a Rule 60(b) motion. That motion comes more than a year after judgment but—piling contingency on contingency—within what the court would otherwise deem a "reasonable time." Rule 60(c)(1). By petitioner's own (uncontested) count, his is the first petition *ever* to present today's question for this Court's review. See Pet. for Cert. 24; Brief in Opposition 26. Beyond even that, an alternative route exists to resolve the question posed here. Congress has adopted the Rules Enabling Act. See 28 U.S.C. §§ 2071–2077. Under its terms, a committee composed of judges and practitioners may recommend to this Court any warranted clarifications to the Federal Rules of Civil Procedure. § 2073. Those recommendations generally take effect upon our approval and absent congressional objection. § 2074.

*8 Undeterred, the Court takes up and resolves this case anyway. It holds that Rule 60(b)(1), not Rule 60(b)(6), applies. In an unexpected twist, the Court adopts a further position neither party saw fit to advance. Going forward, *every* judicial legal error—not just an inadvertent or obvious "mistake"—is fodder for collateral attack under Rule 60(b)(1). And what is the basis for all this? A mysterious 1946 amendment deleting the word " 'his.' " See *ante*, at — – —.

Respectfully, I would have dismissed the writ of certiorari as improvidently granted. Not only does this case fail to meet our usual standards for review. See Supreme Court Rule 10. At bottom, this dispute presents a policy question about the proper balance between finality and error correction. Should

a district court be able to clean up a legal error through a collateral proceeding on any reasonable timeline within a year of judgment? Or do Rule 59(e) and the appellate process provide the necessary corrective measures in ordinary cases, with Rule 60(b)(6) as a last, narrow avenue to relief? Questions like these are best resolved not through a doubtful interpretive project focused on a pronoun dropped in 1946, but through the rulemaking process. There, policy interests on both sides can be accounted for and weighed in light of the "collective experience of bench and bar." *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 114, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009).

**All Citations**

--- S.Ct. ----, 2022 WL 2111354, 22 Cal. Daily Op. Serv. 5780

Footnotes

\*  The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See **United States** v. Detroit Timber & Lumber Co., 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

1  Compare *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1063 (C.A.8 1986) (Rule 60(b)(1) does not cover claims "that the court erred as a matter of law"); *Elias v. Ford Motor Co.*, 734 F.2d 463, 467 (C.A.1 1984) (same), with *Mendez v. Republic Bank*, 725 F.3d 651, 659 (C.A.7 2013) (Rule 60(b)(1) "allows a district court to correct its own [legal] errors"); *In re 310 Assocs.*, 346 F.3d 31, 35 (C.A.2 2003) (*per curiam*) (same); **United States** v. Reyes, 307 F.3d 451, 455 (C.A.6 2002) (same); *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–840 (C.A.11 1982) (*per curiam*) (same).

2  Here, **Kemp** alleged that the District Court erred by misapplying controlling law to record facts. In deciding that this alleged error is a "mistake," we do not decide whether a judicial decision rendered erroneous by subsequent legal or factual changes also qualifies as a "mistake" under Rule 60(b)(1).

End of Document                                  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

| Date | # | Description |
|---|---|---|
| 08/03/2021 | | ORDER finding as moot 39 Motion for Bond. Given that I denied Mr. Chin's petition for a writ of habeas corpus 42 , I find his motion for bond pending resolution of that petition to be moot. Ordered by Judge Allyne R. Ross on 8/3/2021. (Roeck, Victoria) (Entered: 08/03/2021) |
| 08/11/2021 | 43 | CLERK'S JUDGMENT that the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied; and that no certificate of appealability shall issue. Signed Douglas C. Palmer, Clerk of Court by Jalitza Poveda, Deputy Clerk on 8/11/2021. (c/m with appeals packet to Wayne Chin, #09-A-6287, Sing Sing Correctional Facility, 354 Hunter Street, Ossining, NY 10562-5442. (Lee, Tiffeny) (Entered: 08/11/2021) |
| 08/19/2021 | 44 | NOTICE OF APPEAL as to 43 Clerk's Judgment, by Wayne Chin. No fee paid. Request for IFP on appeal pending. Service done electronically. Appeal Record due by 9/8/2021. (Attachments: # 1 Motion for Leave to Proceed on Appeal In Forma Pauperis) (Townsend, Tasha) (Entered: 08/24/2021) |
| 08/24/2021 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 44 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Townsend, Tasha) (Entered: 08/24/2021) |
| 03/09/2022 | 45 | MOTION to Vacate 43 Clerk's Judgment, 42 Order, *Memorandum in support* by Wayne Chin. (Guzzi, Roseann) (Entered: 03/10/2022) |
| 03/10/2022 | | ORDER: The court is in receipt of Mr. Chin's 45 MOTION to Vacate 43 Clerk's Judgment, 42 Order, *Memorandum in support* filed by Wayne Chin. A response to the motion is due March 24, 2022. Mr. Chin's reply, if any, is due April 7, 2022. Ordered by Judge Allyne R. Ross on 3/10/2022. (Willingham, Alexandra) (Entered: 03/10/2022) |
| 03/24/2022 | 46 | RESPONSE in Opposition re 45 MOTION to Vacate 43 Clerk's Judgment, 42 Order, *Memorandum in support* filed by Joseph Noeth. (John-Drigo, Marie) (Entered: 03/24/2022) |
| 04/04/2022 | 47 | REPLY to Respondent's re 46 Response in Opposition to Motion filed by Wayne Chin, petitioner pro se. (Guzzi, Roseann) (Entered: 04/05/2022) |
| 04/06/2022 | 48 | (Addendum) to Petitioner's REPLY to Respondent's Opposition re 46 Response in Opposition to Motion filed by Wayne Chin. (Guzzi, Roseann) (Entered: 04/07/2022) |
| 05/11/2022 | | ORDER denying 45 Motion to Reopen: Petitioner Wayne Chin has filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking to reopen the 42 judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In reaching this judgment, I rejected Mr. Chin's claims that the trial court violated his constitutional rights (1) when it refused to grant him a substituted counsel following Mr. Chin's dispute with his counsel regarding defense strategy, and (2) when his counsel pursued a defense to which Mr. Chin objected. Mr. Chin urges that, in denying the relief he sought, I relied upon an inapposite legal standard.<br><br>The Supreme Court and courts in this circuit have made clear that Rule 60(b) is not the proper vehicle for such arguments, which "attack[] the federal courts previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis omitted); *see also, e.g., Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004); *Marshall v. Keffer*, No. 08-CV-3424 (NGG), 2013 WL 9894233, at *23 (E.D.N.Y. 2013); *Crenshaw v. Superintendent of Five Points Correctional Facility*, 595 F. Supp. 2d 224, 228 (W.D.N.Y. 2009). Rather, such motions are second or successive habeas petitions. *Harris*, 367 F.3d at 82; *Crenshaw*, 595 F. Supp. 2d at 229. An applicant seeking to file a successive habeas petition must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Because Mr. Chin has not done so here, I lack jurisdiction to entertain his motion.<br><br>This order closes this case. Mr. Chin may apply directly to the Second Circuit Court of Appeals for authorization to proceed in this matter.<br><br>Ordered by Judge Allyne R. Ross on 5/11/2022. (Willingham, Alexandra) (Entered: 05/11/2022) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

WAYNE CHIN,

                  Petitioner,

    -against-

JOSEPH NOETH,

                  Respondent.
------------------------------------X

19-CV-02729 (ARR)

NOTICE TO OF APPEAL

EFC CASE

Notice is hereby given that WAYNE CHIN, the Petitioner in the above named case, herby appeal to the United States Court of Appeals for the Second Circuit form a decision and order of Allyne R. Ross, Senior District Judge for the Eastern District of New York, rendered in this action on May 11, 2022, denying the Petitioner's motion to reopen the case made pursuant to the Federal Rules of Civil Procedure, Rule 60(b) for lack of subject matter jurisdiction.

Dated: June 21, 2022

    Ossining, New York 10562-5442

Respectfully submitted,

Mr. Wayne Chin
Din: # 09A-6287
Petitioner: Pro Se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York, 10562

COMBINED NOTICE OF APPEAL AND MOTION FOR EXTENSION OF TIME

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------X

| | |
|---|---|
| WAYNE CHIN, | NOTICE TO OF APPEAL AND MOTION FOR EXTENSION OF TIME |
| Petitioner, | |
| -against- | 19-CV-02729 (ARR) |
| JOSEPH NOETH, | |
| Respondent. | |

------------------------------------X

1. Notice is hereby given that WAYNE CHIN hereby appeals to the United States Court of Appeals for the Second Circuit from the decision entered in this action on May 11, 2022, denying Petitioner's Rule 60(b) motion (FRCP).

2. In the event that this motion was not received in the Clerk's Office within the required time, WAYNE CHIN, respectfully requests the Court to grant an extension of time in accordance with FRAP 4(a)(5) for the following reasons which constitute "excusable neglect" or "good cause."

This Court's decision and order dated May 11, 2022, was not served upon the petitioner as of today, June 21, 2022. Today, Petitioner received a copy of this Court's docket entries and realized that the Court denied his rule 60(b) motion for lack of subject matter jurisdiction. See: annexed Docket sheet).

Dated: June 21, 2022
      Ossining, New York 10562-5442

Respectfully Submitted,

_____
Wayne Chin, Pro Se

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 27 2022 ★

BROOKLYN OFFICE

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS

LEGAL MAIL

Inmate Correspondence Processed on
Sing Sing
Correspondence Dept.
JUN 21 2022

Wayne Chin, # 09A6287
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

A.P. 41

06/15/2022
US POSTAGE $001.56⁰
ZIP 11201
041M11470324

Pg 73

**SING SING CORRECTIONAL FACILITY**
354 HUNTER STREET
OSSINING, NEW YORK  10562

NAME: Wayne Chin    DIN: 09-A-6287

WESTCHESTER NY 105
24 JUN 2022 PM 5 L

quadient
06/24/2022
US POSTAGE $000.93⁰

FIRST-CLASS MAIL

ZIP 10562
041M11470503



Pro Se Intake Clerk
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**LEGAL MAIL**

11201-181809