UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────

WAYNE CHIN,

                *Petitioner*,

-against-

JOSEPH NOETH, Superintendent of Attica Correctional Facility,

                *Respondent*.

19-CV-2729 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

Petitioner Wayne Chin has filed a motion under Fed. R. Civ. P. 60(b)(6) and 60(d)(3) to vacate the denial of his habeas petition. Pl. Mot., ECF No. 57. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

### I. Factual Background and State Trial Proceedings

On June 12, 2001, Renee Aarons was shot and killed in her green Lexus vehicle while parked in front of 95 Linden Boulevard, Brooklyn, New York. Order at 1 ("Habeas Order"), ECF No. 42. Two eyewitnesses, Rashawn Aarons, Ms. Aaron's son, and Aisha White, Ms. Aaron's niece, testified that they saw Mr. Chin, Ms. Aarons' on-and-off boyfriend, shoot Ms. Aarons from close range. *Id*. Nearby the murder scene, investigators found a gold Lexus vehicle belonging to Mr. Chin. *Id*. Mr. Chin was charged with Ms. Aaron's murder and, after several years of evading apprehension, was ultimately convicted in state court after a jury trial. *Id*. at 2.

At trial, Mr. Aarons and Ms. White testified that they saw Mr. Chin shoot Ms. Aarons from close range. *Id*. at 3. The state also obtained two recordings of 911 calls made at the time of

1

the shooting. *Id*. Although the state claimed that the original master tapes of the 911 calls had been destroyed, a copy was available and had been provided to Mr. Chin. *Id*.

In the first recording, Ms. White begged the 911 operator for assistance and stated that "he shot his girlfriend in the head" and "he shot her in front of her son." *Id*. (internal quotation marks omitted). Ms. White's call was offered by the prosecution and played before the jury at trial. *Id*.

In the second recording, another witness, Deanna Cobbs, stated to 911 operators that she witnessed two people leaving the scene of the shooting in a black Lexus. *Id*. Mr. Chin's counsel did not offer the audio at trial, but did elicit testimony on cross-examination from Detective Patrick Henn that an eyewitness had reported a different number of men had fled the scene in a car whose description did not match Mr. Chin's gold Lexus. *Id*. at 3–4.

## II.     Procedural History

On May 6, 2019, Mr. Chin filed a petition for habeas in this court. Pet., ECF No. 1. On July 1, 2019, Mr. Chin moved for allocation of funds for a forensic audio expert to investigate purported alterations of the 911 calls proffered in the state trial court. Mot. Expert Funds, ECF No. 5. Judge Mauskopf denied those motions, concluding that there was no "initial basis to conclude that the tapes were altered," nor was there any likelihood that suppression of the unaltered calls was prejudicial under *Brady*. Mem. and Ord. at 7, ECF No. 20 ("Expert Order").

After those orders were issued, the present case was transferred to me. On August 3, 2021, I denied Mr. Chin's habeas petition on the merits. Habeas Order at 1. As relevant here, I found that

> petitioner has failed to show either that the 911 tape was fraudulent or that prosecutors knew it was—let alone establish those facts by clear and convincing evidence. Petitioner's only evidence supporting his argument was that F.D.N.Y. "CAD" reports containing a rough transcription of Ms. White's 911 call contained minor discrepancies

> with the recording submitted into evidence[.] . . . But these discrepancies are too inconsequential to support that the audio was altered.

*Id*. at 13. Moreover, "Ms. Cobbs's statements concerning the color of the car the shooter left in and the number of people in that car had little, if any, exculpatory value given the eyewitness testimony" at trial that Mr. Chin was the shooter. *Id*. at 12. I therefore denied his claim that the state had suppressed or willfully destroyed evidence as to the original 911 calls. *Id*. at 13.

On March 9, 2022, Mr. Chin filed a Rule 60(b) motion to vacate my order denying his habeas petition. Mot. to Vacate, ECF No. 45. I denied that motion, and Mr. Chin appealed both the initial order denying his petition on the merits and my denial of his Rule 60(b) motion. *See* Notice of Appeal, ECF No. 44; Notice of Appeal, ECF No. 55. The Second Circuit declined to issue a certificate of appealability on either appeal. *See* Mandate, ECF No. 49; Mandate, ECF No. 56. On October 30, 2024, Mr. Chin filed the instant Rule 60 motion.

## DISCUSSION

**I.     Petitioner's Rule 60(b)(6) Motion Fails on the Merits.**

Under Rule 60(b)(6), a party may obtain relief from a judgment or order for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Despite the open-ended wording of the rule, the standard governing a Rule 60(b) motion is strict and requires the petitioner to demonstrate "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation marks omitted). Moreover, a Rule 60(b) motion may only assert claims that challenge the integrity of the previous habeas proceeding rather than the constitutionality of the underlying criminal conviction. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

In the instant motion, Mr. Chin again advances his theory, raised before this court and in state court, that the New York City Police Department altered or falsified the 911 recordings of

3

Ms. White and Ms. Cobbs. Notably, Mr. Chin's motion avoids running afoul of the limitations on Rule 60(b) motions, as it does not directly assert a challenge to his underlying conviction. Instead, Mr. Chin challenges Judge Mauskopf's denial of his requests for expert funding and an evidentiary hearing. Specifically, Mr. Chen contends that Judge Mauskopf, in concluding that there was no "initial basis to conclude that the tapes were altered," Expert Order at 7, (1) ignored certain discrepancies between the call transcriptions and other evidence describing those calls, or, alternatively, (2) erred in finding that those discrepancies were insufficient evidence to entitle him to an expert and a hearing. Pl.'s Mot. at 2–3. Finally, Mr. Chin also contends that, due to those rulings, my denial of his habeas petition was based on an incomplete factual record. Pl.'s Mot. at 16.

      Those arguments are unavailing. In support of the present motion, Mr. Chin offers the same evidence—the discrepancies between the 911 call-recording transcripts and other descriptions of that evidence—that he previously raised in support of his initial habeas petition and request for expert funding. Far from ignoring that evidence, both Judge Mauskopf and I acknowledged Mr. Chin's asserted discrepancies when rejecting his theory that the 911 recordings had been altered. *See*, *e.g*., Expert Order at 4 (noting Mr. Chin's claim "that the recording of th[e] 911 call from Cobbs did not include [her] statement regarding the black Lexus"); Habeas Order at 12 (concluding that the evidence raised by Mr. Chin in his initial habeas petition was "too inconsequential to support that the audio was altered").

      Mr. Chin's repetition of his rejected arguments plainly does not undermine Judge Mauskopf's conclusion there was no "initial basis to conclude that the tapes were altered" and that allowing further discovery would yield a fruitless fishing expedition. Expert Order at 7. Nor does it alter my conclusion that Mr. Chin failed to establish that the state altered the 911

4

recordings. Habeas Order at 13. Indeed, the Second Circuit declined to order a certificate of appealability on Mr. Chin's habeas petition, *see* Mandate, ECF No. 49, meaning the panel concluded that "jurists of reason would [not] find it debatable whether [Mr. Chin's] petition states a valid claim." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Mr. Chin's arguments "do not identify any extraordinary circumstances warranting relief under Rule 60(b)(6), but instead attempt to re-raise arguments on the merits of his § 2254 petition that were rejected by the Court long ago," his motion must be denied. *Sankara v. Martuscellor*, No. 18-CV-6308, 2024 WL 4987275, at *1 (S.D.N.Y. Nov. 25, 2024).

Indeed, Mr. Chin's motion fails even if I assumed the truth of his allegation that the tapes were edited. Mr. Chin's claim rests on the theory that further investigation would reveal additional 911 calls stating that the shooter used a black Lexus, rather than the gold Lexus operated by Mr. Chin. However, to obtain *Brady* relief under AEDPA, Mr. Chin was required to establish that the state court unreasonably determined that the suppressed evidence did not "put the whole case in such a different light as to undermine confidence in the verdict." *United States v. Jackson*, 345 F.3d 59, 73 (2d Cir. 2003). As Judge Mauskopf noted in her order denying expert funding, (1) Mr. Chin's counsel was already able to elicit that an eyewitness reported seeing a black, rather than gold Lexus, (2) Ms. White testified that the record was a complete recording of her 911 call and that Mr. Chin was the shooter and (3) Mr. Aarons independently testified that he saw Mr. Chin shoot Ms. Aarons. Expert Order at 7. Moreover, Mr. Chin's gold Lexus was recovered at the scene of the shooting. Habeas Order at 1. Given that evidence, even if Mr. Chin had obtained an expert *and* that expert established that the calls were edited, the revelation of additional 911 calls describing a black Lexus is very unlikely to have changed the verdict.

5

Thus, as Judge Mauskopf correctly determined, appointment of an expert was not necessary because it would have been futile. *See Bonie v. Annucci*, No. 19-CV-11822, 2020 WL 1233555, at *1–2 (S.D.N.Y. Mar. 13, 2020) (explaining that courts must assess whether the indigent's position seems likely to be of substance" in deciding whether to appoint counsel (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).[1]  For the same reason, there were no disputes of fact that required me to hold an evidentiary hearing, nor was my order based on an incomplete record. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing").

## II.     Petitioner's Rule 60(b)(6) Motion is Untimely

In any event, Mr. Chin's motion is untimely. A Rule 60(b)(6) motion for relief "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In deciding whether a Rule 60 motion was made within a "reasonable time," the Court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983).

Mr. Chin filed the instant Rule 60 motion on October 30, 2024, *see* Pl.'s Mot. at 1., which is over three years after the denial of his habeas petition on August 3, 2021, *see* Habeas Order at 1. Moreover, Mr. Chin's motion is largely a challenge to Judge Mauskopf's orders denying

---

[1] I note that Judge Mauskopf's analysis of whether to authorize payment for an expert is technically inapposite, as it relies upon § 3599 and *Ayestas*, 584 U.S. at 47, both of which are applicable only in capital habeas cases. *See* 18 U.S.C. § 3599 (providing that the statute's provisions apply in "any post conviction proceeding . . . seeking to vacate or set aside a death sentence."). Regardless, the standards governing appointment of counsel under the CJA likewise require a non-capital habeas petitioner to establish some likelihood of success on the merits, *see Bonie*, 2020 WL 1233555, at *1, which Mr. Chin has failed to do for the reasons described above.

6

expert funding and an evidentiary hearing, which were issued on May 28, 2020 and July 13, 2020, over four years prior to the instant motion. *See* July 13, 2020, Electronic Order. Finally, Mr. Chin has filed several appeals and motions for reconsideration and relief from judgment, challenging both Judge Mauskopf's discovery orders and my denial of his habeas petition, *see e.g.*, Motion to Vacate Clerk's Judgment, ECF No. 45, and there is no reason why the arguments raised in the instant motion could not have been raised during Mr. Chin's earlier proceedings. Given Mr. Chin's excessive delay of over three years in filing the present Rule 60 motion, and that his motion offers no explanation for that delay, his motion is time-barred. *See Moses v. United States*, 97-CV-2833, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (listing decisions that rejected 60(b) motions on timeliness grounds for delays ranging from ten to twenty months) (citations omitted); *see also James v. United States*, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) (finding unexcused delay of twenty-one months in filing Rule 60 motion unreasonable).

### III.   Petitioner's Rule 60(d)(3) Motion Fails.

Mr. Chin also asserts that he is entitled to relief under Fed. R. Civ. P. 60(d)(3), which permits a a court to set aside a judgment for "fraud on court." *See Gleason v. Jandrucko*, 860 F.2d 556, 558–59 (2d Cir. 1988) (distinguishing the standard for showing "fraud upon the court" from "fraud on an adverse party"). To establish such a claim, a petitioner "must prove the existence of fraud by clear and convincing evidence" and show "an officer of the court . . . acted in a matter that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth." *James*, 603 F. Supp. 2d at 487 (internal citation omitted).

As discussed above, Mr. Chin's arguments, and the evidence in support thereof, are identical to those asserted in his initial habeas petition. I have already rejected his contentions under a "clear and convincing evidence" standard in deciding his initial habeas petition. It

7

follows that Mr. Chin's recitation of those same arguments and evidence fails to establish that the state committed fraud upon the court.

## CONCLUSION

For the reasons described above, Mr. Chin's Rule 60 motion is DENIED.

SO ORDERED.

                                                     /s/  
                                                     Allyne R. Ross  
                                                     United States District Judge

Dated:                January 13, 2025  
                       Brooklyn, New York